IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FRANCES A. STRONG                                                                      PLAINTIFF

vs.                                    Civil No. 3:11-cv-03130

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Frances A. Strong ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.      Background:**

Plaintiff protectively filed her SSI application on October 22, 2010. (Tr. 11, 122-127). In her application, Plaintiff alleges she is disabled due to severe back pain and anxiety. (Tr. 149). Plaintiff alleges an onset date of April 27, 2010. (Tr. 122). This application was denied initially and again on reconsideration. (Tr. 70-71).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 92-97). Plaintiff's administrative hearing was held on September 23, 2011

1

in Fort Smith, Arkansas. (Tr. 26-69). At the administrative hearing, Plaintiff was present and was represented by Fredrick Spencer. *Id.* Plaintiff, two witnesses for Plaintiff, and Vocational Expert ("VE") Larry Siefert testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-three (23) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 31). Plaintiff also testified at the administrative hearing in this matter that she completed the twelfth grade in high school and one year of college. (Tr. 31).

On October 11, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 8-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 22, 2010, her application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: mild to moderate dependent personality disorder and anxiety disorder. (Tr. 13, Finding 2). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 3).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 14-19, Finding 4). In making this evaluation, the ALJ first considered Plaintiff's subjective complaints and found they were not credible to the extent she alleged. *Id.* Second, the ALJ found Plaintiff retained the capacity for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can do work where interpersonal contact is incidental to the work performed, i.e. a few employees rather than the public, the job setting and job are predictable and supervision is simple, direct and concrete.

*Id.*

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 5). The

ALJ found Plaintiff's PRW consisted of work as a cashier, librarian, and laborer. *Id*. The ALJ determined Plaintiff's RFC precluded her from performing any of this PRW. *Id*. The ALJ, however, also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 20-21, 60-68). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as a coil spring assembler (20,231 such jobs in Arkansas and 1,800,000 in the nation) and machine operator or tender phone machine (1,903 such jobs in Arkansas and 187,320 in the nation). (Tr. 20). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act since the date her application was filed or since October 22, 2010. (Tr. 21, Finding 10).

On October 20, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-7). On November 15, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On December 7, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past

relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in finding her back pain was non-severe and (B) the ALJ failed to properly evaluate the opinions of Vann A. Smith, Ph.D. ECF No. 9. In response, Defendant argues the ALJ properly determined Plaintiff's back pain was not a severe impairment, the ALJ properly assessed Dr. Smith's opinions, and the ALJ properly assessed Plaintiff's RFC. ECF No. 10. The Court will address both the arguments for reversal that Plaintiff has raised.

    A.    **Evaluation of Plaintiff's Back Pain**

Plaintiff claims the ALJ improperly determined her alleged back pain was non-severe. ECF No. 9 at 6-10. In support of her claim that her back pain was a severe impairment, Plaintiff references three treatment records from Mountain Home Christian Clinic ("MHCC") and a consultative examination report completed by Dr. Smith.[1] *Id.* The three treatment notes were dated September of 2010, October of 2010, and March of 2011. (Tr. 271-272, 344). It appears the first two records are dated before her application date of October 22, 2010.[2] Thus, because they are outside the

---

[1] Dr. Smith's findings will be discussed in the second part of this opinion. However, it is important to note at this point that although Dr. Smith diagnosed Plaintiff with a chronic pain disorder, he is not a medical doctor, and his evaluation was actually only directed toward a "Mental Residual Functional Capacity" assessment. (Tr. 315-319).

[2] The date stated on the record from October of 2010 is not entirely legible but appears to be dated in mid-October. (Tr. 272).

relevant time period, they do not establish Plaintiff was disabled after the date her application was filed. *See Cruse v. Bowen,* 867 F.2d 1183, 1185 (8th Cir. 1989) (holding SSI benefits are not payable for the period prior to the application date).

Additionally, although Plaintiff described severe back pain in these three records, these records reflect Plaintiff sought (at best) intermittent treatment for her back pain. Such a failure to seek consistent treatment indicates her back pain may not be as serious as she alleges. *See Shannon v. Chater,* 54 F.3d 484, 486 (8th Cir. 1995) (holding that a failure to seek treatment may be inconsistent with an allegation of disability). Indeed, by the time of the administrative hearing on September 23, 2011, Plaintiff reported she took no prescription pain medication for her back pain but instead only took Tylenol and BC Powder. (Tr. 31, 39). Thus, this Court finds the ALJ did not err by finding Plaintiff's back impairment was non-severe.

    **B.**    **Findings of Vann Smith, Ph.D.**

Plaintiff claims the ALJ improperly evaluated the findings of Vann Smith, Ph.D. ECF No. 9 at 10-12. Dr. Smith evaluated Plaintiff as a part of a neuropsychological evaluation on April 6, 2011. (Tr. 311-314). The ALJ considered Dr. Smith's findings in his opinion. (Tr. 19). However, upon consideration of those findings, the ALJ decided to discount them:

> The undersigned has also considered the opinion of Dr. Smith that the claimant is disabled due to the severity of her mental impairment. Dr. Smith evaluated the claimant on February 15, 2010[3] and found significant limitations in several areas required for unskilled, semiskilled and skilled work. He found that based on his evaluation the claimant's symptoms interfere with her capacity to carry out routine daily activities in a consistent manner rendering her disabled. Although Dr. Smith has stated that, in his opinion, the claimant is disabled, he has not submitted treatment records or progress notes to support his conclusion. The undersigned also notes that Dr. Smith is not a treating physician and his opinion was based on a one-time

---

[3] This appears to be a typographical error. Dr. Smith actually examined Plaintiff on April 6, 2011. (Tr. 311-314).

6

evaluation performed in anticipation of the claimant's Social Security Disability hearing.  Further, the opinion of Dr. Smith is directly contrary to the opinion of Dr. Bunting who also performed a psychological evaluation and found no significant mental limitations.  Finally, findings of "cannot work," "is disabled" or "is unemployable" by a doctor is not given controlling weight or given special significance as the determination of disability under the Social Security Act are reserved to the Commissioner.

(Tr. 19).

In contrast to the ALJ's findings, Plaintiff argues that because Dr. Vann's findings are supported by objective testing, those findings should be considered credible and adopted.  As noted by the ALJ, however, Dr. Smith was only a one-time consultative examiner. (Tr. 311-314).  As such, his opinions are not entitled to substantial weight.  *See Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004).  *See also Henson v. Astrue,* 476 F. App'x 102 (8th Cir. 2012) (unpublished) (affirming the ALJ's decision to discount the report of Dr. Smith because he was a one-time consultative examiner).

The ALJ also properly noted that Dr. Smith provided no treatment notes in support of his findings, and he was not her treating physician.  Indeed, as a whole, the medical records deal almost exclusively with Plaintiff's treatment records from her three pregnancies, and it appears that only *one* of her treatment records from the relevant time period that even relates to anxiety.  (Tr. 344).  Thus, it was entirely proper for the ALJ to discount the findings of Dr. Smith and find Plaintiff was not disabled due to her mental impairments.[4]

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[4] Plaintiff also argues in her briefing that the ALJ gave no basis for choosing one consultative examiner (Dr. Nancy Bunting) over another (Dr. Vann Smith).  ECF No. 9.  However, as the ALJ properly reviewed in his opinion, Dr. Bunting's report is not the only medical evidence in the record that supports his decision.  In addition to her report, Plaintiff's other medical records (or lack thereof) also demonstrate that she does not suffer from a mental disability.

to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 5th day of December 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE